UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHN R. MALGERI,<br>    Appellant, | DOCKET NUMBER<br>DC-1221-18-0468-W-1 |
|    v. | |
| DEPARTMENT OF HOUSING AND<br>  URBAN DEVELOPMENT,<br>    Agency. | DATE: June 27, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Terrence O'Donnell, Esquire, Anne M. Rucker, Esquire, and Andrew Guiang, Esquire, Washington, D.C., for the appellant.

Ryan Donaldson, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in this individual right of action (IRA) appeal. For the reasons discussed below, we GRANT the appellant's petition for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

review. We AFFIRM the initial decision's findings that the appellant made protected disclosures under 5 U.S.C. § 2302(b)(8) and engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), and that his protected disclosures and/or activity were a contributing factor in the contested personnel actions. We REMAND this case to the Washington Regional Office for the administrative judge to reassess whether the agency demonstrated by clear and convincing evidence that it would have taken the same personnel actions in the absence of the appellant's whistleblowing.

## BACKGROUND

This appeal has an extensive factual history, portions of which are not material to the issues now before the Board and which we need not repeat herein. The appellant served as a Senior Level Executive in the agency's Office of the Chief Human Capital Officer (OCHCO). Initial Appeal File (IAF), Tab 1 at 22, 36. In this role, the appellant worked as a senior advisor to the Chief Human Capital Officer, provided technical guidance on OCHCO matters, and researched and drafted a variety of the agency's human resources-related policies and plans. IAF, Tab 1 at 36, Tab 55, Initial Decision (ID) at 2-3; Hearing Compact Disc (HCD) 1 (testimony of the appellant). Included within these human resources-related functions was the reviewing of proposed agency reorganization plans and providing a recommended concurrence or nonoccurrence on the proposals. HCD 1 (testimony of the appellant); ID at 2-3; Petition for Review (PFR) File, Tab 1 at 6. In order for the agency to proceed with reorganization, it needed OCHCO, amongst other offices, to concur with the proposed plan. HCD 1 (testimony of the appellant); ID at 2-3.

In October 2014, the agency's Office of Housing was working on a reorganization plan for its Office of Operations. IAF, Tab 34 at 76-90; HCD 1 (testimony of the appellant); ID at 3. Two directors within the Office of Housing submitted a memorandum to various agency offices, including the OCHCO,

outlining their nonconcurrence with the proposed reorganization, alleging that such plan violated a host of statutes and policies. IAF, Tab 34 at 76-90. Within this nonconcurrence memorandum, the directors also alleged that the agency had already violated the law by taking steps to effectuate the reorganization before it received proper approval from Congress. *Id.* at 87.

The appellant's first-line supervisor directed him to review this nonconcurrence and provide feedback. HCD 1 (testimony of the appellant); ID at 2, 4. The appellant was told to work with the Deputy Chief Human Capital Officer (DCHCO) involved in coordinating the proposed reorganization. IAF, Tab 1 at 36; HCD 1 (testimony of the appellant). After reviewing the nonconcurrence, the appellant emailed the DCHCO on October 27, 2014, attached the nonconcurrence memorandum from the directors within the Office of Housing, and stated that he believed the allegations of illegal conduct were credible and that the agency should stop all actions associated with the reorganization. IAF, Tab 1 at 37, 61. The appellant forwarded this email to his first-line supervisor the following day. *Id.* at 61. The appellant made similar statements to his supervisors in an email sent on November 2, 2014. *Id.* at 64. Then, on November 3 and 13, 2014, the appellant met with his first-line supervisor and the DCHO to reiterate his concerns with the proposed reorganization, highlighting the alleged illegalities. *Id.* at 38, 64, 70. On November 17, 2014, the appellant met with the agency's Associate General Counsel of Ethics, Appeals, and Personnel Law and another agency attorney to further discuss his concerns with the legality of the proposal. *Id.* at 38, 74.

On February 1, 2017, the appellant filed a whistleblower complaint with OSC alleging that, in reprisal for the above-mentioned disclosures that he made in October and November 2014 to agency management regarding the proposed reorganization plan within the Office of Housing, the agency took a variety of personnel actions against him. *Id.* at 15-199. The appellant amended his OSC complaint on July 19, 2017 and February 12, 2018, alleging that, in reprisal for

his February 2017 whistleblower complaint with OSC, the agency took additional personnel actions against him.[2]  IAF, Tab 1 at 200-16, Tab 7 at 36-70.

After OSC closed its investigation into the appellant's whistleblower complaint with no further action, he timely filed this IRA appeal with the Board. IAF, Tab 1 at 1, 220.  The administrative judge found that the appellant met his burden of establishing Board jurisdiction over his IRA appeal and held a 3-day hearing.[3]  IAF, Tabs 25, 51-53; ID at 1.  She issued an initial decision finding that the appellant proved by preponderant evidence that his October and November 2014 emails and discussions regarding the reorganization proposal were whistleblowing disclosures and that his filing of a whistleblower complaint with OSC in February 2017 was protected activity.  ID at 15-16.  The administrative judge then found that the appellant proved by preponderant evidence that such whistleblowing disclosures were a contributing factor in the raised personnel actions.  ID at 16.  She further found that the appellant's protected activity was a

_____

[2] In sum, these personnel actions included: (1) from March to April 2015, the appellant's supervisor harassed him regarding his work on a succession-planning tool; (2) in April 2015, the appellant's supervisor reported to the Office of the Inspector General that he breached employee data; (3) the agency denied the appellant an executive pay increase in July 2015; (4) in May 2016, the agency proposed to suspend the appellant for 3 days; (5) since June 2016, the appellant's supervisors refused to provide him guidance on assignments, excluded him from meetings, refused to assign him significant work, and excluded him from advancement opportunities; (6) in June 2016, the agency suspended the appellant for 3 days; (7) in January 2017, the appellant received an "Excellent" rating for Fiscal Year 2016; (8) in October 2016 and ongoing, the appellant's supervisors failed to provide him with performance standards; (9) in February 2017, the appellant's supervisory structure changed; and (10) the appellant's supervisors denied his Executive Development Plan request, which prevented him from receiving rotational details and training.  IAF, Tab 1 at 12-13, Tab 25 at 7-8.

[3] In the Order Finding Jurisdiction, the administrative judge determined that the appellant exhausted his administrative remedies with OSC and raised nonfrivolous allegations that his whistleblowing disclosures and protected activity were contributing factors in the agency's decision to take the raised personnel actions.  IAF, Tab 25.  The administrative judge found that the appellant did not meet his burden of establishing Board jurisdiction over his claim that in July 2015 the agency denied him an executive base pay increase.  *Id.* at 5-6, 8.  On review, neither party challenges any of the jurisdictional findings in this appeal, and we find no reason to disturb them.  PFR File, Tabs 1, 3-4.

contributing factor in only one of the personnel actions—the denial of his Executive Development Plan request in November 2017—as he failed to show that his supervisors knew of his OSC complaint until August 2017. *Id.*[4] The administrative judge denied the appellant's request for corrective action, finding that the agency proved by clear and convincing evidence that it would have taken each of the personnel actions in the absence of the appellant's whistleblowing disclosures and protected activity. ID at 16-25.

The appellant filed a petition for review of the initial decision. PFR File, Tab 1. The agency responded to the petition for review, to which the appellant filed a reply. PFR File, Tabs 3, 4.

## ANALYSIS

In order to prevail on the merits of an IRA appeal, an appellant must prove by preponderant evidence that he made a whistleblowing disclosure as described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action outlined in 5 U.S.C. § 2302(a). 5 U.S.C. § 1221(e)(1); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). If an appellant meets his burden, then the Board shall order corrective action unless the agency shows by clear and convincing evidence that it would have taken the same personnel action in the absence of the whistleblowing disclosure and/or protected activity. 5 U.S.C § 1221(e)(2); *Salerno*, 123 M.S.P.R. 230, ¶ 5.

Upon review, we affirm the initial decision's findings that the appellant made protected disclosures under 5 U.S.C. § 2302(b)(8) and engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), and that his protected disclosures and/ or activity were a contributing factor in the contested personnel actions. ID at 16,

---

[4] The record does not demonstrate that the appellant proved contributing factor through another prescribed method. *See Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012).

24-25. The administrative judge's findings and analysis on these matters contained in the initial decision, to include credibility determinations, are detailed, precise, and corroborated throughout the record. *Id*. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant here has not presented such sufficiently sound reasons. PFR File, Tabs 1, 4. Therefore, these portions of the initial decision are affirmed. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The remaining issue is whether the agency established by clear and convincing evidence that it would have taken the personnel actions in the absence of the appellant's protected disclosures and/or activity. 5 U.S.C § 1221(e)(2); *Salerno*, 123 M.S.P.R. 230, ¶ 5. In determining whether an agency has shown by clear and convincing evidence that it would have taken the personnel action absent the protected activity, the Board will consider all of the relevant factors, including the following (known as the "*Carr* factors"): (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who did not engage in such protected activity, but who are otherwise similarly situated. *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 11; *see also Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir.

1999).[5] The Board does not view these factors as discrete elements; rather, they are weighed together, along with all pertinent record evidence, to determine if the evidence is clear and convincing as a whole. *Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 42 (2016). The Board considers all of the evidence, including evidence that detracts from the conclusion that the agency met its burden. *Soto,* 2022 MSPB 6, ¶ 11; *see also Whitmore v. Department of Labor,* 680 F.3d 1353, 1368 (Fed. Cir. 2012).

We find that the administrative judge's analysis of the *Carr* factors was not entirely consistent with the principles stated above. Regarding the second *Carr* factor, the Board has held that "[t]hose responsible for the agency's performance overall may well be motivated to retaliate even if they are not directly implicated by the disclosures . . . as the criticism reflects on them in their capacities as managers and employees." *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶ 65 (quoting *Whitmore*, 680 F.3d at 1370); *Smith v. Department of the Army*, 2022 MSPB 4, ¶¶ 28-29 (same). Here, the administrative judge appears to have been too dismissive of possible evidence showing that the appellant's supervisors had a motive to retaliate against him. ID at 19-21; *see Whitmore*, 680 F.3d at 1370 ("To find zero evidence suggesting any retaliatory motive [on the part of management officials] on this record is to take an unduly dismissive and restrictive view of *Carr* factor number two."). Regarding *Carr* factor three, the administrative judge incorrectly placed the burden on the appellant to present evidence that the agency took similar actions against employees who are not whistleblowers but who are otherwise similarly situated. ID at 19. It is the agency's burden to produce evidence on all *Carr* factors, and if

---

[5] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on these types of whistleblower issues. However, pursuant to the All Circuit Review Act (Pub. L. No. 115-195), appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction. *See* 5 U.S.C. § 7703(b)(1)(B). Therefore, we must consider these issues with the view that the appellant may seek review of this decision before any appropriate court of appeal.

the first two factors alone do not support a finding that the agency would have taken the same personnel action absent the protected disclosure or activity, the agency's failure to present evidence of the third *Carr* factor may prevent it from carrying its overall burden. *Smith*, 2022 MSPB 4, ¶¶ 26-30; *see also Miller v. Department of Justice*, 842 F.3d 1252, 1259-63 (Fed. Cir. 2016) (holding that an agency's failure to produce any evidence concerning the third *Carr* factor "tends to cut slightly against [it]"). Additionally, in finding that the employees identified by the appellant were not appropriate comparators, the administrative judge appears to have adopted a restrictive view of the standard by requiring that their situations be nearly identical to those of the appellant. ID at 20. The Federal Circuit has stressed that the comparison under *Carr* factor three to is not to be "highly restrictive" and only requires that the employees be "similarly situated," not identically situated. *Whitmore*, 680 F.3d at 1373.

Accordingly, we find it necessary to reassess whether the agency has shown by clear and convincing evidence that it would have taken the same personnel actions in the absence of the appellant's protected disclosures and/or activity. The administrative judge is in the best position to conduct the required analysis, having heard the live testimony. *See Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 37 (2013). On remand, the administrative judge should specifically address the arguments raised in the appellant's petition for review concerning the *Carr* factors. PFR File, Tab 1 at 10-33; *see, e.g.*, *Fox v. U.S. Postal Service*, 81 M.S.P.R. 522, ¶ 17 (1999) (directing the administrative judge to address on remand the arguments raised by the appellant on review).

## ORDER

We REMAND this case to the Washington Regional Office for further adjudication consistent with this Opinion and Order. The administrative judge

has discretion to reopen the record to take additional argument and evidence on the issues to be addressed on remand.[6]

FOR THE BOARD:

_Gina K. Grippando_

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.

_____

[6] We need not address on review the appellant's motion for leave to file additional evidence. PFR File, Tab 8. The appellant may seek to enter this evidence into the record on remand in accordance with instructions from the administrative judge and Board regulations.